**Willie FULLER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–9511–CR–394.

Court of Appeals of Indiana.

Dec. 13, 1996.

---

Julie P. Verheye, Mishawaka, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana and Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

STATON, Judge

A jury convicted Willie Fuller ("Fuller") of one count of promoting or staging an animal fighting contest[1] and one count of using an animal in a fighting contest.[2] Fuller raises four issues for our review which we restate as:

I.   Whether the trial court erred by admitting the testimonial stipulation concerning Officer Lawson's testimony.

II.  Whether the trial court erred in admitting evidence of a wounded dog and several dead dogs found on Fuller's property under Ind. Evidence Rule 404(b).

III. Whether the evidence is sufficient to sustain Fuller's convictions.

IV.  Whether Fuller's convictions violate double jeopardy.

We affirm.

The facts most favorable to the verdict reveal that on March 14, 1994, police officers went to Fuller's residence in response to a report of animal fighting. When they arrived, they encountered Fuller outside the house. In the rear of the house were two men, Miller and Fleming, holding pit bulls by the legs within five feet of each other. Fleming was living with Fuller at the time. The dogs had open, bleeding wounds. Officers subsequently discovered areas on Fuller's property with blood stains and discovered several dead dogs on or near Fuller's property. Other facts are provided as needed.

**I.**

*Testimonial Stipulation*

Fuller argues the court erred when it admitted a testimonial stipulation entered into between his attorney and the prosecution regarding the testimony of Officer Lawson. Fuller states that he was not given the opportunity to review the stipulation until the day of trial, and requiring him to proceed to trial with the stipulation violated his Sixth Amendment right to confront and cross examine witnesses against him.

The facts reveal that at a pretrial hearing, the State moved for a continuance since one of its witnesses, Officer Lawson, would not be present to testify. Fuller was not present at the hearing. Fuller's attorney objected to the continuance, but agreed to the use of stipulated testimony of Officer Lawson. Fuller did not see the stipulation until the day of the trial. When Fuller saw the testimony, Fuller objected to the statements that he acknowledged one of the dogs was his and

1. IND.CODE § 35–46–3–9(1) (1993).

2. IND.CODE § 35–46–3–9(2) (1993).

that he told Officer Lawson that the dogs must have broken loose and began fighting each other. Notwithstanding Fuller's objections, the stipulated testimony was admitted.

We do not need to address Fuller's constitutional arguments in order to resolve this issue. In addition to Officer Lawson's testimony, Eric Flynn ("Flynn"), a humane society officer, also testified to the facts that Fuller admitted one of the dogs was his and that Fuller said the dogs must have broken loose and began fighting each other. Even alleged error which raises constitutional concerns may be harmless beyond a reasonable doubt. *Reid v. State*, 529 N.E.2d 1309 (Ind. 1988); *Gilreath v. State*, 577 N.E.2d 997 (Ind.Ct.App.1991), *trans. denied.* It is well recognized that any error in admitting evidence will be found harmless where the evidence is merely cumulative. *Chappel v. State*, 591 N.E.2d 1011, 1015 (Ind.1992), *reh. denied.* This proposition also applies where the alleged error is of a constitutional nature. *See Id.* (any error in admitting evidence from warrantless search was harmless beyond a reasonable doubt in light of its cumulative nature). Accordingly, we conclude any error in admitting the testimonial stipulation of Officer Lawson was harmless in light of Flynn's testimony which established the very same facts.

## II.

### *Ind. Evidence Rule 404(b)*

The State was permitted to introduce evidence, over Fuller's objection, of an injured dog and several dead dogs found on Fuller's property. Fuller claims the admission of this evidence was error and solely calculated to inflame the jury. We disagree.

The State relies on Ind. Evidence Rule 404(b) as justification for the admission of this evidence. Evid.R. 404(b) states that evidence of other crimes, wrongs, or acts is inadmissible in order to show action in conformity therewith, but such evidence may be admitted to prove, *inter alia*, knowledge or absence of accident. At trial, Fuller testified that when Officers arrived at his house, Fuller was unaware of what Fleming and Miller were doing behind his house with two injured

dogs. Fuller stated he did not know how the dogs were injured. Too, Fuller explained to Flynn that the dogs must have broken their chains, gotten loose and began fighting each other. In short, Fuller stated he had no knowledge of dog fighting on his property or on how the dogs became injured. Fuller's explanation for the wounded dogs was that it must have been an accident. Thus, the court properly admitted evidence of the injured dog and several dead dogs found on Fuller's property to prove lack of knowledge or accident. Evid.R. 404(b).

## III.

### *Sufficiency of Evidence*

Fuller also contends the evidence is insufficient to sustain his convictions for promoting or staging an animal fight and for using an animal in a fighting contest. We disagree.

When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.* Regarding circumstantial evidence, such evidence need not overcome every reasonable hypothesis of innocence. *Moore v. State*, 652 N.E.2d 53, 55 (Ind.1995), *reh. denied.* When reviewing a case that is essentially circumstantial, an appellate court asks whether reasonable minds could reach the inferences drawn by the jury. *Gibson v. State*, 643 N.E.2d 885, 888 (Ind.1994).

The facts most favorable to the verdict reveal that on March 1, 1994, a police officer was at Fuller's residence when he observed a dog with injuries on its head, face and legs. Police officers later returned to Fuller's residence on March 14, 1994 in response to a report of dog fighting. When they arrived, they observed Fuller walking towards the street and another person walking towards the back of the house carrying a dog. When the officers went to the rear of

Fuller's house, they observed two men holding two pit bulls by the legs within approximately five feet of each other. The dogs had wounds that were still bleeding. Fuller later stated to Flynn that one of the dogs was his and that it must have broken loose from its chain and began fighting the other dog. However, Flynn examined the chain and found it to be extremely large, in good condition and of sufficient strength to "tow a Mack truck with it." Record at 253. Other chains in the area were found to be in similarly good condition. Dr. Sara Tieman opined that the dogs were involved in organized dog fighting given the nature and severity of their wounds and the conditions under which the dogs were kept. Further, the State presented evidence of several dead pit bulls found on or around Fuller's property.

Fuller contends that this circumstantial evidence at best establishes his presence at the scene of a crime which is insufficient to sustain his convictions. While we recognize that mere presence at the scene of a crime is generally insufficient to sustain a conviction, *see McMahel v. State*, 609 N.E.2d 1175 (Ind. Ct.App.1993), we do not agree that all the evidence establishes in this case is Fuller's presence during a crime by others. All the evidence of dog fighting, from blood stains to dead animals to two men holding dogs in an apparent ready position for a fight, was taken from Fuller's property. Also, the jury heard evidence from Flynn that Fuller admitted owning one of the wounded dogs found on his property. Dr. Tieman opined the injuries to this dog were from a fighting contest. Although Fuller denies ever acknowledging ownership of a dog, the jury heard his testimony and we will not reweigh this evidence. *Jordan, supra*. We conclude that there is substantial evidence of probative from which a jury could reasonably infer that Fuller staged animal fighting contests and used an animal in a fighting contest.

## IV.

### Double Jeopardy

■ Fuller also argues his convictions violate double jeopardy. According to Fuller, the state relied on the fact that he owned one of the dogs to support both his convictions.

However, a closer examination of the record does not support Fuller's characterization. Count I charged Fuller with staging an animal fighting contest. Nowhere is there any mention, or any requirement under the Indiana Code for that matter, that Fuller own a dog involved in these fighting contests. The ownership of one of the pit bulls was only raised by Count II where Fuller was charged with using an animal in a fighting contest. Thus, Fuller's contention that the State relied on the same fact to support both convictions is unfounded.

Affirmed.

HOFFMAN, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I fully concur with respect to Issues I, II, and III. I must respectfully dissent, however, as to Issue IV.

Count I charges that Fuller promoted or staged an animal fighting contest by using "pitbull dogs". Record at 14. Count II charged that he "use[d] an animal in a fighting contest." Record at 14. It is undeniable that the animal covered by Count II was one of the two dogs alleged to have been involved in Count I. There was but one fighting contest involved on the occasion in question and that contest involved two pit-bull dogs. Count II was an included offense within Count I, as charged.

In this respect it should be noted that I.C. 35–46–3–9 defines a single Class D felony, divided into three subsections. The subsections are phrased in terms of different aspects of conduct relating to participation in or attendance at a fighting contest involving animals.

It would be disingenuous to suggest that Count II could stand without reference to one of *the* animals referred to in Count I. Therefore one of the two dogs, i.e., animals, in Count I was necessarily the animal alluded to in Count II. Furthermore, it would seem self-evident that a person could not be con-

victed both of using an animal in a fighting contest under I.C. 35–46–3–9(b) and attending the same fighting contest under (c) of the statute.

If Fuller promoted or staged a fighting contest as alleged in Count I, he did so using pit-bulls, also as alleged. This is the conduct which constitutes the basis of Count II. I would hold that the two convictions here cannot stand. *Burton v. State* (1996) Ind. App., 665 N.E.2d 924; *Ely v. State* (1995) Ind.App., 655 N.E.2d 372; *Boushehry v. State* (1995) Ind.App., 648 N.E.2d 1174.

I would remand with instructions to vacate one of the two convictions.