v.

**STATE of Indiana, Appellee–Petitioner.**

No. 49A04–1001–JV–8.

Court of Appeals of Indiana.

July 21, 2010.

————

Andrew J. Borland, Borland and Gaerte, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Janine Steck Huffman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Respondent, T.J., appeals his delinquency adjudication for animal fighting, which would have been a Class D felony if committed by an adult, Ind.Code § 35–46–3–9.

We affirm.

### ISSUE

T.J. presents one issue for our review, which we restate as: Whether the State presented sufficient evidence proving beyond a reasonable doubt that T.J. knowingly or intentionally promoted or staged an animal in a fighting contest.

### FACTS AND PROCEDURAL HISTORY

On August 28, 2009, Leah Slate (Slate) was driving near the intersection of Dearborn Street and Nowland Avenue in Indianapolis, Indiana, when she noticed two boys, eleven-year-old T.J. and thirteen-year-old L.M., standing in the fenced in yard of Felipa Maleonado (Maleonado). Slate observed the boys hitting a large brown dog that resembled a pit bull with a stick. About this same time Maleonado heard commotion in her back yard, looked out the window, and saw T.J. and L.M. in her back yard, standing there, watching a dog attack her dog. She heard one of the boys saying, "[g]et 'em, get 'em." (Transcript p. 27).

Slate got out of the car and noticed that the large dog was attacking a small dog, and the boys were making "sss, sss" sounds. (Tr. p. 5). Slate asked the boys, "[h]ey, what are you guys doing," but they did not respond. (Tr. p. 6). About this time, Maleonado's husband came out of

their house and the boys left the yard through a gate that had been previously closed, but was open when they left the yard. Slate helped Maleonado's husband get the larger dog to stop attacking the small dog. The small dog was mangled from the attack and died from its injuries.

While separating the dogs, Slate told the boys that she was going to call the police, to which one boy responded: "F you B." (Tr. p. 10). Slate watched the boys walk to the porch of a neighboring house. After she and Maleonado's husband got the larger dog off of Maleonado's dog, the larger dog left Maleonado's yard and followed the boys onto the front porch of the neighboring house. Slate and Maleonado's husband approached the house and could hear "the people on the porch snickering and laughing." (Tr. p. 11).

On September 4, 2009, the State filed a petition alleging T.J. to be a delinquent child. In the petition, the State alleged that T.J. committed four acts, which would have been the following crimes if committed by an adult: Count I, possessed an animal for fighting, a Class D felony, I.C. § 35–46–3–8; Count II, promoted or staged an animal fighting contest, a Class D felony, I.C. § 35–46–3–9; Count III, promoted an animal fighting contest, a Class D felony, I.C. § 35–46–3–9.5; and, Count IV, cruelty to an animal, a Class D felony, I.C. § 35–46–3–12. On October 26, 2009, the juvenile court conducted a denial hearing. The State called Maleonado and Slate as witnesses. At the close of evidence, T.J. moved for a dismissal of the allegations pursuant to Ind. Trial Rule 41(B), which the juvenile court granted with respect to all allegations except Count II, promoting or staging an animal fighting contest, I.C. § 35–46–3–9. The juvenile court found that allegation to be true, and ordered T.J. to: (1) undergo home based therapy and casework services; (2) have

no unsupervised contact with L.M.; (3) complete 30 hours of restitution work; and (4) pay $151 in restitution.

T.J. now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

T.J. contends that the State did not present sufficient evidence to prove beyond a reasonable doubt that he committed the offense of promoting or staging an animal fight, I.C. § 35–46–3–9.

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. We consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. [ ] Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material evidence of the offense.

*Perez v. State*, 872 N.E.2d 208, 212–13 (Ind.Ct.App.2007), *trans. denied.*

Indiana Code section 35–46–3–9, entitled "Promotion, use of animals or attendance with animal at animal fighting contest," provides: "A person who knowingly or intentionally: (1) promotes or stages an animal fighting contest; (2) uses an animal in a fighting contest; or (3) attends an animal fighting contest having an animal in the person's possession; commits a Class D felony." By using the word "or" the statute is written in the disjunctive, and if charged accordingly, a defendant may be convicted of a Class D felony if he commits either of the three activities. However, Count II of the delinquency petition filed by the State alleged only that T.J. had knowingly or intentionally *promoted* or

*staged* an animal fighting contest. Therefore, our consideration of the sufficiency of the evidence is limited to the elements of subsection (1) of the statute.

T.J. encourages us to construe the statute and define the terms "promotes" and "stages." However, T.J. makes no argument that the terms, or the statute in which they are found, are ambiguous. Only when a statute is ambiguous is it susceptible to judicial interpretation. *State v. D.M.Z.*, 674 N.E.2d 585, 588 (Ind. Ct.Ap.1996), *trans. denied*. Without an argument from T.J. explaining why promoting or staging an animal fighting contest is ambiguous, we will not construe Indiana Code section 35–46–3–9, but rather, we will apply our prior legal precedent considering the sufficiency of evidence for a conviction pursuant to that statute.

*Fuller v. State*, 674 N.E.2d 576 (Ind.Ct. App.1996) is the sole published appellate decision considering the sufficiency of the evidence to sustain a conviction under I.C. § 35–46–3–9.[1] In *Fuller*, we characterized the facts most favorable to the verdict that Fuller had promoted or staged an animal fighting contest as follows:

> [O]n March 1, 1994, a police officer was at Fuller's residence when he observed a dog with injuries on its head, face and legs. Police officers later returned to Fuller's residence on March 14, 1994 in response to a report of dog fighting. When they arrived, they observed Fuller walking towards the street and another person walking towards the back of the house carrying a dog. When the officers went to the rear of Fuller's house, they observed two men holding two pit bulls by the legs within approximately five feet of each other. The dogs had wounds that were still bleeding. Fuller later stated to [Police Officer] Flynn that one of the dogs was his and that it must have broken loose from its chain and began fighting the other dog. However, Flynn examined the chain and found it to be extremely large, in good condition and of sufficient strength to "tow a Mack truck with it." Record at 253. Other chains in the area were found to be in similarly good condition. Dr. Sara Tieman opined that the dogs were involved in organized dog fighting given the nature and severity of their wounds and the conditions under which the dogs were kept. Further, the State presented evidence of several dead pit bulls found on or around Fuller's property.

*Id.* at 578–79. We held that this evidence was sufficient to sustain Fuller's conviction. *Id.* at 579.

Unlike in *Fuller*, here witnesses saw the dog attack. The testimony provided by Slate and Maleonado support a reasonable inference that T.J. and L.M. were encouraging the larger dog to attack the smaller dog. Maleonado heard the boys saying "[g]et em, get em." (Tr. p. 27). Slate heard the boys making "sss, sss" sounds. (Transcript p. 5). Further, Slate testified that during the vicious attack:

> [The boys] were just watching. They were just watching this dog attack this little dog. I mean they didn't even . . . They didn't even look like . . . To me, if they were gonna . . . If they were like trying to attempt to stop the dog, they would've been like, "Stop . . . [."]

(Tr. p. 16). Furthermore, witnesses testified that the gates on Maleonado's fence had been closed, but when the boys left her yard, one had been opened. (Tr. pp. 7,

---

1. In *Davis v. State*, 907 N.E.2d 1043 (Ind.Ct. App.2009), we considered an appeal from convictions under I.C. § 35–46–3–9; however, that appeal dealt exclusively with the admissibility of the evidence, not the sufficiency of the evidence.

33). This evidence supports a reasonable inference that the boys let the larger dog into Maleonado's backyard to attack the smaller dog. The evidence here varies greatly from the purely circumstantial evidence of an ongoing dog fighting operation relied upon in *Fuller*. Nevertheless, we conclude that this eye-witness testimony supports a reasonable inference that T.J. made possible and encouraged the dog fight and is sufficient evidence to prove beyond a reasonable doubt that T.J. promoted or staged an animal fighting contest.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence to support the juvenile court's finding that T.J. knowingly or intentionally promoted or staged an animal fighting contest.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.