**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NELSON RIOS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-CR-756 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
Cause No. 49G20-0909-FC-79297

**April 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Nelson Rios appeals the revocation of his probation, presenting the following issue for review: Did the trial court abuse its discretion in admitting hearsay evidence at his probation revocation hearing?

We affirm.

On November 18, 2009, a jury convicted Rios of seven counts relating to dealing in and possession of a look-alike substance, as well as two counts of theft and one count of possession of marijuana. The trial court entered judgment on six counts: two counts of class C felony dealing in a look-alike substance, two counts of class D felony theft, one count of class A misdemeanor possession of marijuana, and one count of class C misdemeanor possession of a look-alike substance. The trial court sentenced Rios to consecutive five-year terms for each dealing conviction, along with concurrent terms for the remaining convictions. Thus, Rios received a ten-year aggregate sentence.

Rios appealed, and this court concluded that the trial court's imposition of consecutive sentences on the two counts of dealing in a look-alike substance was inappropriate. *Rios v. State*, 930 N.E.2d 664 (Ind. Ct. App. 2010). In remanding for a new sentencing hearing, this court noted that "in resentencing Rios to serve concurrent terms on the dealing a look-alike convictions, the trial court retains its right to enhance the advisory term based on any factors it finds applicable." *Id.* at 669. On remand, the trial court imposed concurrent terms of eight years on each of the dealing in a look-alike substance convictions, with three years suspended subject to two years of supervised probation. Rios again appealed his sentence, and this court

2

affirmed in an unpublished memorandum decision. *Rios v. State*, No. 49A02-1010-CR-612 (June 20, 2011).

In January 2012, Rios was placed in a community corrections transition program. On May 7, 2012, the probation department filed a notice of probation violation and petition to revoke alleging that Rios had committed class D felony possession of marijuana, class B misdemeanor public intoxication, class A misdemeanor battery, and four separate acts of class A misdemeanor invasion of privacy.[1] The petition also alleged that Rios had violated his probation by consuming alcohol.

A hearing was held on August 23, 2012. At the hearing, Indianapolis Metropolitan Police Officer Robert Hatch testified that on April 12, 2012, he responded to a 911 dispatch at an apartment complex. When he arrived, Officer Hatch made contact with Christina Lawrence, who was extremely angry and upset, and had blood on her body and bruising on her face. Over Rios's objection, Officer Hatch testified concerning Lawrence's statements to him. Specifically, he testified that Lawrence told him Rios, the father of her child, had been drinking and struck her several times, bitten her on her inner thigh, and brandished a knife. Officer Hatch testified further that Lawrence told him that when Rios's mother arrived, Lawrence was able to get up and get a knife, and she chased Rios off through the apartment complex. Officers took pictures of Lawrence's injuries, which the State admitted into evidence at the hearing.

---

[1] We note that Rios was serving the executed portion of his sentence on community corrections and had not yet begun formal probation. It is well settled, however, that a defendant's probation may be revoked prior to the commencement of probation. *See Baker v. State*, 894 N.E.2d 594 (Ind. Ct. App. 2008) (collecting cases).

Officer Doug Himmel also testified at the hearing. Officer Himmel testified that shortly after Officer Hatch took Lawrence's statement, he located Rios between a fence and the tree line on the south side of the apartment building. Officer Himmel testified that Rios was wet, cold, and appeared to be drunk. He also testified that when he searched Rios, he found a baggie of green, leafy material he believed to be marijuana in Rios's back pocket. Officer Himmel subsequently turned over the baggie to Officer Hatch. At the hearing, Officer Hatch testified that through his training and experience, he recognized the substance as marijuana. In addition to this testimony, and over Rios's objection, the trial court admitted into evidence a laboratory examination report, in which a forensic scientist indicated that the substance was indeed marijuana.

Following the April 12, 2012 incident, Rios was arrested and placed in the Marion County Jail, and a no-contact order was entered prohibiting Rios from contacting Lawrence in person, by telephone, or otherwise. At the probation revocation hearing, the State admitted into evidence a recording of a call placed from the telephone located in Rios's cell block, placed by a man to a woman. Witnesses identified the female voice as belonging to Lawrence. During the call, Lawrence referred to the male caller as "Endo," which was her nickname for Rios. *Transcript* at 37-38. Lawrence and the male caller discussed the April 12, 2012 incident and the injuries Lawrence suffered.

At the conclusion of the hearing, the trial court found that Rios had violated his probation. In doing so, the trial court gave the following statement:

> I've listened to the evidence, taken notes, looked at the pictures, listened to the jail call. To try to claim that Mr. Rios didn't make the jail call is disingenuous.

4

There's too many times where the person making the call slips up and says "I" and them [sic] switches and says "I mean that guy". That name with Miss Lawrence on the call, it is obvious what they are trying to do which is they know the call is monitored, and they are trying to act like it's other people talking about this matter and it is clear that the people have way too much knowledge of what happened on that day to be anybody other than the two people that were engaged in the incident. During that, Miss Lawrence acknowledges the pictures were taken, showing evidence of the battery. And there's no doubt in my mind that the State have [sic] proven by a preponderance of the evidence that Mr. [N]elson Rios committed battery on Miss Lawrence and further that at the time he was found hiding he possessed marijuana, based on the lab reports as well as the officer's experience and training. For all of --- also then the phone call having --- the Court having determined that Mr. Rios was indeed the person making the call, that's a violation of the protective order. For all of those reasons the court finds the defendant has violated his probation.

*Transcript* at 64-65. The trial court then sentenced Rios to serve his previously suspended sentence. Rios now appeals.

Rios argues that the trial court abused its discretion in admitting hearsay evidence at his probation revocation hearing that was not substantially trustworthy. We review decisions regarding the admission of evidence in probation revocation hearings for an abuse of discretion. *Figures v. State*, 920 N.E.2d 267 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

Additionally, when reviewing probation revocation decisions, we keep in mind that a defendant is not entitled to probation; rather, probation is a conditional liberty which is a favor, not a right. *Jones v. State*, 838 N.E.2d 1146 (2005). Once the State grants this favor, however, it cannot be revoked without certain procedural safeguards. *Mateyko v. State*, 901 N.E.2d 554 (Ind. Ct. App. 2009), *trans. denied*. But because probation revocation deprives a

probationer only of a conditional liberty, he is not entitled to the full array of due process protections afforded a defendant at a criminal trial. *Id.*

These limited due process rights allow courts to admit evidence that would not be permitted in criminal trials. *Reyes v. State*, 868 N.E.2d 438 (Ind. 2007). Indeed, the Indiana Rules of Evidence, aside from the rules pertaining to privileges, do not apply in probation revocation hearings. *See Cox v. State*, 706 N.E.2d 547 (Ind. 1999); Ind. Evid. Rule 101(c)(2). Rather, courts in probation revocation hearings may consider "any relevant evidence bearing some substantial indicia of reliability. This includes reliable hearsay." *Cox v. State*, 706 N.E.2d at 551 (footnote omitted). Additionally, while the due process principles applicable in probation revocation hearings afford the probationer the right to confront and cross-examine adverse witnesses, this right is narrower than in a criminal trial. *Figures v. State*, 920 N.E.2d 267. For these reasons, hearsay evidence may be admitted in a probation revocation hearing if it is substantially trustworthy. *Smith v. State*, 971 N.E.2d 86 (Ind. 2012).

Rios argues that the trial court abused its discretion by admitting hearsay evidence in the form of the lab report and Officer Hatch's testimony concerning Lawrence's statements about the battery. According to Rios, this evidence lacked sufficient indicia of reliability to be admissible.

As an initial matter, we note that the trial court found that Rios committed three separate probation violations. Specifically, the court found that Rios had violated his probation by committing possession of marijuana, battery, and invasion of privacy (by

6

violating the no-contact order). On appeal, Rios challenges only the admission of evidence supporting the trial court's findings concerning battery and possession of marijuana; he raises no challenge to the trial court's finding that he violated the no-contact order. It is well settled that the violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660 (Ind. Ct. App. 2007). Thus, even assuming the trial court abused its discretion by admitting the challenged evidence, we would affirm its ultimate decision to revoke Rios's probation.

In any event, Rios's arguments concerning the admissibility of the challenged evidence are unavailing. With respect to Officer's Hatch's testimony concerning Lawrence's statements, we note several indicia of reliability. First, Officer Hatch testified that when he arrived shortly after the battery and spoke with Lawrence, she was "[e]xtremely angry" and "upset" about the battery. *Transcript* at 15. Although the rules of evidence pertaining to hearsay are not applicable in probation revocation hearings, the rationale underlying an exception to the general rule against hearsay is instructive here. Ind. Evidence Rule 803(2) provides that "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule, even if the declarant is available to testify. *Boatner v. State*, 934 N.E.2d 184 (Ind. Ct. App. 2010). The rationale supporting the so-called "excited utterance" exception "is that such a declaration from one who has recently suffered an overpowering experience is likely to be truthful." *Hardiman v. State*, 726 N.E.2d 1201, 1204 (Ind. 2000). Although Lawrence's statement need not satisfy the criteria for admissibility under Evid. R. 803(2) in

order to be admissible at Rios's probation revocation hearing, Officer Hatch's testimony supports a conclusion that at the time Lawrence made the statements, she was still under the stress caused by the battery, and therefore likely to be telling the truth.

Additionally, Lawrence's statements concerning the battery were corroborated by her injuries, which Officer Hatch observed, and photographs of those injuries were admitted into evidence at trial. We also note that when Lawrence made the statements, she was reporting a crime to a police officer. This may be viewed as an additional indicator of reliability because, as a general matter, people are aware that falsely reporting crimes may lead to criminal prosecution. For all of these reasons, we conclude that Lawrence's statements, admitted through the testimony of Officer Hatch, were substantially trustworthy and therefore admissible at Rios's probation revocation hearing.

With regard to the lab report, we conclude that any error in its admission was harmless. Assuming *arguendo* that the lab report was not substantially trustworthy, we are considering an alleged violation of Rios's Fourteenth Amendment due process right to confront and cross-examine adverse witnesses.[2] As a general matter, federal constitutional error is reviewed *de novo* and must be found harmless beyond a reasonable doubt. *Furnish v. State*, 779 N.E.2d 576 (Ind. Ct. App. 2002), *trans. denied*; *see also Chapman v. California*,

---

[2] Because a probationer's right to confront and cross-examine witnesses emanates from the Due Process Clause rather than the Confrontation Clause of Sixth Amendment, Rios's reliance on *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), in which the U.S. Supreme Court held that the admission of a forensic lab report in a criminal trial violated the rule of *Crawford v. Washington*, 541 U.S. 36 (2004), is misplaced. *See Smith v. State*, 971 N.E.2d 86 (Ind. 2012) (noting that the Sixth Amendment and *Crawford v. Washington* do not apply in probation and community corrections revocation hearings).

386 U.S. 18 (1967).[3]  It is well settled that any error in admitting evidence will be found harmless where it is merely cumulative of other, properly admitted evidence, even when the alleged error is of constitutional dimension.  *Fuller v. State*, 674 N.E.2d 576 (Ind. Ct. App. 1996).

Here, the lab report was not the only evidence admitted that identified the substance found in Rios's back pocket as marijuana.  Officer Hatch testified that that the substance was "a green leafy vegetation that through my training and experience has the odor and texture to be marijuana."  *Trancript* at 19-20.  Our Supreme Court has held that the identity of a drug may be proven by circumstantial evidence, including the opinion of someone sufficiently experienced with the drug.  *Vasquez v. State*, 741 N.E.2d 1214, 1216-17 (Ind. 2001) ("[a]lthough chemical analysis is one way, and perhaps the best way, to establish the identity of a compound, persons experienced in the area may be able to identify . . . marijuana. . . [t]his is true even if every citizen may not be up to that task.").  Rios does not dispute that Officer Hatch had sufficient training and experience to be able to identify marijuana.  Thus, the lab report identifying the substance as marijuana was cumulative of Officer Hatch's testimony, and any error in the admission of the lab report was therefore harmless.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.

---

[3] It is apparently not entirely settled whether the federal constitutional harmless error standard applies in probation revocation proceedings.  *See Black v. State*, 794 N.E.2d 561, 566 (Ind. Ct. App. 2003) (applying the federal constitutional harmless error standard in a probation revocation proceedings because the issue was not argued by the parties, but leaving the question "open for argument in subsequent cases").  We need not resolve the question here, because even under the more rigorous federal standard, we conclude that any error in the admission of the lab report was harmless.