# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Special Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUSTIN TAYLOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1201-CR-4 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-1109-FD-67104

**September 21, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Justin Taylor appeals his conviction of Class D felony failing to register as a sex offender.[1]  We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 6, 2008, Taylor pled guilty to Class C felony child molesting.  When released from incarceration on June 18, 2009, he was notified he was required to register with the Sex and Violent Offender Registry in Marion County for ten years.  The registry requirement mandated Taylor provide his current address, and update his address within three days or seventy-two hours of relocation to a new residence.  Taylor first registered on June 19, 2009 and reregistered with a new address on July 1, 2009.

In May 2011, Taylor was arrested and later convicted of criminal confinement.  He was released to home detention on August 29.  The home detention was to be served at 1725 Sloan, which was not listed as one of his addresses on the Sex Offender registry.  In September, a compliance officer in the Sex and Violent Offender Registration Division learned Taylor was not living at either of the addresses listed as his residence on the Sex Offender registry.

The compliance officer learned of Taylor's address from his home detention supervisor and arrested him there for failing to register as a sex offender.  The State charged Taylor with Class D felony failure to register as a sex offender[2] and the trial court found

---

[1] Ind. Code § 11-8-8-17.

[2] The State first charged Taylor with Class D felony failure to register for "failing to register initially as a sex offender within seven (7) days after [his] obligation to register[.]"  (App. at 36.)  However, the State moved for, and the trial court granted, an amendment to the charging information to allege Taylor did not register or update his address within seventy-two hours of moving to a new address and/or did not reside at the address he previously registered.

Taylor guilty as charged.

## DISCUSSION AND DECISION

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

To convict Taylor of Class D felony failure to register as a sex offender, the State must prove he knowingly or intentionally failed to register as a sex offender when his address changed. Ind. Code § 11-8-8-17. Taylor does not dispute he did not update his registry information when he was placed on house arrest at the Sloan street address, however, he contends he did not knowingly or intentionally fail to register because he was not aware he was required to register upon his release from incarceration to home detention: "he assumed they were closely monitoring him by ankle bracelet and other means. [Tr.*] [sic] He was unaware he was required to submit himself to double monitoring." (Br. of Appellant at 9.) We find his argument/defense without merit.

3

"Because knowledge is the mental state of the actor, it may be proved by circumstantial evidence and inferred from the circumstances of each case." *Wilson v. State*, 835 N.E.2d 1044, 1049 (Ind. Ct. App. 2005), *trans. denied*. At trial, the State presented evidence Taylor received notice, after his release from incarceration for Class C felony child molesting, that he was required to register as a sex offender for the next ten years. When Taylor first registered on June 19, 2009, he received and signed a form that stated:

> I hereby certify that I truthfully answered the information requested above. If I move to a different residential location (home address) within Marion County, I will provide a newly completed registration to the Indianapolis Metropolitan Police Department within three (3) days of making such change. Further, if I move to a different residential location (home address) outside of Marion County, not more than 72 hours/three (3) days after the address change, I must:
> 1)     provide written notice to the Indianapolis Police Department Sex Offender Registry of change and
> 2)     register within a new county of residence.

(State's Exhibit at 5.) Taylor received and signed the same form when he changed his address on July 1, 2009. In addition, both forms displayed in bold letters, "FAILURE TO COMPLY IS A CLASS D FELONY." (*Id*. at 5 and 6) (emphasis in original).

Taylor's signature acknowledged he understood that language, and he did comply with the requirements when he first registered as a sex offender. Any argument Taylor offers to the contrary is an invitation for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146. Accordingly, we affirm his conviction of Class D felony failing to register as a sex offender.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.

4