**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 27 2013, 9:00 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARC STULTS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 11A05-1210-CR-534 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLAY CIRCUIT COURT
The Honorable Joseph D. Trout, Judge
Cause No. 11C01-1201-FD-54

**March 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

In 1998, Appellant-Defendant Marc Stults was convicted of criminal deviate conduct as a Class A felony and was thereafter classified as a sexually violent predator. As a result of his status as a sexually violent predator, Stults is required to register every ninety days on Indiana's Sex or Violent Offender Registry. After initially complying with the registration requirement, Stults failed to register on or before December 23, 2011, as required. The State soon thereafter filed a charging information alleging that Stults had committed Class D felony failure to register as a sex or violent offender in violation of Indiana Code section 11-8-8-17(a)(1) (2011).

Following a bench trial, Stults was convicted as charged. In challenging this conviction on appeal, Stults contends that the evidence presented by the State was insufficient to prove that he knowingly failed to register. In support, Stults claims that he was, at most, negligent in failing to register. Concluding that the evidence presented at trial is sufficient to prove that Stults knowingly failed to register as a sex or violent offender as required by Indiana law, we affirm.

**FACTS AND PROCEDURAL HISTORY**

In 1998, Stults was convicted of Class A felony criminal deviate conduct and sentenced to thirty years of incarceration in the Department of Correction. Upon release from this term of imprisonment, Stults was classified as a sexually violent predator ("SVP"). As a result of his SVP status, Stults is required to register with the Sex or Violent Offender Registry every ninety days, in person, for the remainder of his life. Stults knew that he was classified as an SVP and, in July of 2010, unsuccessfully attempted to have his classification

2

as an SVP removed.

From the time of his release from incarceration in 2010 to December of 2011, Stults complied with the registration requirements by completing timely registrations, in person, with the appropriate authorities every ninety days. Stults registered with the Clay County Sheriff's Department on September 27, 2011, providing the Department with current information. Stults initialed and signed the registration which notified Stults that, because of his SVP status, he was required to return and register again on or before December 23, 2011. Stults did not do so.

On January 19, 2012, the State charged Stults with Class D felony failure to register as a sex or violent offender. Following a June 26, 2012 bench trial, the trial court found Stults guilty as charged and sentenced Stults to the Department of Correction for a term of one and one-half years of incarceration. This belated appeal follows.

## DISCUSSION AND DECISION

Stults contends that the evidence is insufficient to sustain his conviction for Class D felony failure to register as a sex or violent offender.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

3

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002). Inconsistencies in witness testimony go to the weight and credibility of the testimony, "the resolution of which is within the province of the trier of fact." *Jordan v. State*, 656 N.E.2d 816, 818 (Ind. 1995).

Indiana Code section 11-8-8-14(b) (2011) provides that an individual who, like Stults, has been classified as an SVP shall: "(1) report in person to the local law enforcement authority; (2) register; and (3) be photographed by the local law enforcement authority in each location where the sex or violent offender is required to register; every ninety (90) days." Indiana Code section 11-8-8-17(a)(1) provides that "[a] sex or violent offender who knowingly or intentionally: (1) fails to register when required to register under this chapter … commits a Class D felony." "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b) (2011). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a).

In the instant matter, Stults acknowledges that he failed to register with the Sex and Violent Offender Registry on or before December 23, 2011. Stults, however, claims that the

4

evidence is insufficient to prove that he did so knowingly or intentionally. In support, Stults argues that the evidence presented at trial indicates that he, at most, negligently failed to register on or before December 23, 2011.

"'Because knowledge is the mental state of the actor, it may be proved by circumstantial evidence and inferred from the circumstances of each case.'" *Taylor v. State*, 975 N.E.2d 392, 394 (Ind. Ct. App. 2012) (quoting *Wilson v. State*, 835 N.E.2d 1044, 1049 (Ind. Ct. App. 2005), *trans. denied*), *trans. denied*. At trial, the State presented evidence demonstrating that Stults knew that he was required to register with the Sex and Violent Offender Registry every ninety days and that he failed to do so. Again, upon being released from incarceration in 2010 and until December of 2011, Stults complied with the registration requirements by completing timely registrations, in person, with the appropriate authorities every ninety days.

In addition, on July 28, 2010, Stults filed a *pro se* motion to remove his SVP status, in which he complained that, as a result of his SVP status, he was required to register every ninety days for the rest of his life. Furthermore, upon registering on September 27, 2011, Stults's last registration before he failed to register on December 23, 2011, Stults initialed and signed a registration form which set forth the requirement that in light of his status as an SVP, he was required, for life, to register every ninety days. The registration form explicitly stated that Stults's next registration date was December 23, 2011. By initialing and signing the registration form, Stults indicated that he knew and understood the contents of the form, including a restatement of the registration requirements and the requirement that he register

5

again on December 23, 2011. Stults's initials and signature on the registration form provide circumstantial evidence that Stults knew he was required to comply with the registration requirement. *See Taylor*, 975 N.E.2d at 395 (providing that defendant's signature on the notice indicating that he understood that he was required to satisfy the registration requirement was an acknowledgment that he understood the registration requirements as they applied to him).

The above-stated evidence demonstrates that Stults knew he was required to register with the Sex and Violent Offender Registry every ninety days, and that he knowingly failed to do so. Stults's argument to the contrary amounts to nothing more than an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435. As such, we conclude that the evidence is sufficient to sustain Stults's conviction for Class D felony failure to register as a sex or violent offender.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.