## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jun 19 2015, 8:58 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jay Rodia
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Frank Rhodes,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff*

June 19, 2015

Court of Appeals Case No. 49A02-1411-CR-788

Appeal from the Marion Superior Court
The Honorable Steven R. Eichholtz, Judge
The Honorable Peggy Ryan Hart, Commissioner

Trial Court Cause No. 49G20-1312-FB-79720

**Bradford, Judge.**

# Case Summary

[1] Indianapolis police responded to a 911 call placed by Arnetta Johnson and found Appellant-Defendant Frank Rhodes on the front porch. Johnson told police that Rhodes, who has a previous conviction for voluntary manslaughter, had held a gun to her head. Although a pat-down of Rhodes did not uncover a firearm, two loaded firearms were found in the front yard near the porch where Rhodes had been when police arrived. Plaintiff-Appellee the State of Indiana ("the State") charged Rhodes with, *inter alia*, Class B felony possession of a firearm by a serious violent felon ("SVF"). After a jury found Rhodes guilty of SVF, the trial court sentenced him to fifteen years of incarceration. Rhodes contends that the State failed to produce sufficient evidence to sustain his conviction and that his sentence in inappropriately harsh. We affirm.

## Facts and Procedural History

[2] Early on December 17, 2013, Johnson called 911 from her Marion County home, reporting that Rhodes had assaulted her and that "he has guns[.]" State's Ex. 2. Indianapolis Metropolitan Police Officer Michael Leeper responded and found Rhodes standing outside on the front porch. Rhodes quickly went back inside, and Officer Leeper followed him, finding Rhodes in the living room. Based on information received from dispatch, Officer Leeper performed a pat-down on Rhodes for weapons, finding none.

[3] Meanwhile, Johnson had emerged from a back room, visibly distraught. Johnson told Officer Leeper that Rhodes had held a gun to her head, which prompted Officer Leeper to sweep the residence. Officer Leeper stepped back

onto the front porch and shone his flashlight into the front yard, where he noticed two loaded handguns near the porch lying on top of the snow. Rhodes's DNA was found on one of the guns' magazines and on a cartridge recovered from one of the guns.

[4] On December 24, 2013, the State charged Rhodes with Class B felony SVF, Class C felony intimidation, Class A misdemeanor domestic battery, and Class A misdemeanor battery. On September 16, 2014, a jury found Rhodes guilty of SVF. On October 15, 2014, the trial court sentenced Rhodes to fifteen years of incarceration. The trial court identified Rhodes's criminal history to be an aggravating circumstance and found no mitigating circumstances. Rhodes contends that the State produced insufficient evidence to sustain his SVF conviction and that his sentence is inappropriately harsh.

# Discussion and Decision

## I. Sufficiency of the Evidence

[5] Rhodes contends that the State failed to produce sufficient evidence to sustain his conviction. When reviewing the sufficiency of the evidence, we neither weigh the evidence nor resolve questions of credibility. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Id*. If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a

reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993).

[6]     Pursuant to the relevant version of Indiana Code section 35-47-4-5, "[a] serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony." Rhodes stipulated to having a prior conviction for voluntary manslaughter, qualifying him as a "serious violent felon" for purposes of Indiana Code section 35-47-4-5. Rhodes argues only that the State failed to prove that he possessed a firearm. Possession of contraband can be actual or constructive: "Actual possession occurs when a person has direct physical control over the item [and c]onstructive possession occurs when somebody has 'the intent and capability to maintain dominion and control over the item.'" *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999) (citation omitted).

[7]     Rhodes essentially argues that the State failed to prove that he constructively possessed a firearm, focusing on the fact that none of his fingerprints were found on the handguns found in the front yard and his DNA was found on neither gun body. Rhodes's argument is fatally undercut, however, by its failure to take into account that the State produced evidence of *actual* possession of a firearm, in the form of Johnson's statement to Officer Leeper. Johnson's statement that Rhodes held a gun to her head is more than sufficient to sustain a finding that he possessed a firearm.

# II. Appropriateness of Sentence

[8] We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). As previously mentioned, the trial court sentenced Rhodes to fifteen years of incarceration for Class B felony SVF. The sentencing range for a Class B felony is six to twenty years, with an advisory of ten years. Ind. Code § 35-50-2-5.

[9] The nature of Rhodes's offense justifies an enhanced sentence. By virtue of his previous conviction for voluntary manslaughter, it was illegal for Rhodes to even possess a firearm. Rhodes did much more than just possess a firearm, however; he held a loaded gun to Johnson's head, causing her to be visibly distraught. The nature of Rhodes's offense justifies an enhanced sentence.

[10] Rhodes's character also justifies his enhanced sentence. Rhodes has an extensive criminal history, including multiple arrests and previous convictions for five misdemeanors and two felonies. Rhodes has prior misdemeanor convictions for battery, resisting law enforcement, disorderly conduct, public

intoxication, and carrying a handgun without a license and felony convictions for theft and voluntary manslaughter.

[11] Rhodes argues that his health issues, his difficult upbringing, the rekindling of his relationship with Johnson, her lack of physical injuries, and his alcohol abuse warrant a reduction in his sentence. The trial court was under no obligation to credit this self-serving evidence, however. In any event, Rhodes offers no real reason why any of the above would justify a reduced sentence. If anything, Rhodes's self-reported daily habit of "drink[ing] as much [gin] as he has available[,]" despite recognizing that he has a problem, reflects poorly on his character. PSI p. 9. Rhodes, born in 1969, has had ample opportunity to seek help for his substance abuse and better himself, but has amassed an extensive criminal history instead. In light of the nature of his offense and his character, Rhodes has failed to establish that his fifteen-year sentence is inappropriate.

[12] The judgment of the trial court is affirmed.

Vaidik, C.J., and Kirsch, J., concur.