Jason D. JORDAN, Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 48S00–9408–CR–748.

Supreme Court of Indiana.

Oct. 18, 1995.

Rehearing Denied Feb. 15, 1996.

William Byer, Jr., Byer & Byer, Anderson, for appellant.

Pamela Carter, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for appellee.

DICKSON, Justice.

Defendant Jason Jordan was convicted of murder and sentenced to a term of 60 years. This direct appeal presents two issues: (1) separation of witnesses and (2) sufficiency of evidence.[1] We affirm the conviction.

The defendant was charged with the shooting death of Melvin Jones in Anderson, Indiana on November 18, 1992. The defendant and an eyewitness testified that the defendant fired a handgun at the decedent. The factual issue at trial was whether or not the defendant was acting in self-defense at the time he killed Jones.

The defendant claims that the evidence presented at trial is insufficient in two ways. He contends that the State did not present evidence sufficient to rebut his self-defense claim and that conflicts within the testimony of the State's witnesses rendered the State's case inherently improbable and therefore insufficient to sustain the conviction.

When reviewing such claims of insufficiency, we do not reweigh the evidence or judge the credibility of witnesses. *Brewer v. State* (1995), Ind., 646 N.E.2d 1382, 1386. We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if there exists evidence of probative value from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Id.*

The defendant asserts that the evidence substantiated his claim that he used reasonable force to protect himself and that such force is justification for an otherwise criminal act. *See* Ind.Code § 35–41–3–2(a); *Holder v. State* (1991), Ind., 571 N.E.2d 1250, 1253. For the defendant's claim of self-defense to prevail, he must show that he was in a place where he had a right to be; did not provoke, instigate, or participate willingly in the violence; and had a reasonable fear of death or great bodily harm. *See Wade v. State* (1985), Ind., 482 N.E.2d 704, 706; *Banks v. State* (1971), 257 Ind. 530, 532–33, 276 N.E.2d 155, 158; Ind.Code § 35–41–3–2. It is only necessary for the State to disprove one of the elements of self-defense beyond a reasonable doubt for the defendant's claim to fail. *See Martin v. State* (1987), Ind., 512 N.E.2d 850, 851.

Substantial evidence demonstrated both that the defendant participated willingly in the violence and that he did not have a reasonable fear of harm when he fired his handgun and killed Melvin Jones. The autopsy showed that the defendant shot the victim in the back. Record at 977, 985. The defendant's testimony indicated that he was

---

1. In the Statement of the Issues in his Appellant's Brief, the defendant separately asserts that the trial court erred "in sustaining the jury's verdict of guilty in light of the self-defense claim" and also "in sustaining the jury's conviction of guilty to Count I, murder, as the evidence at trial was insufficient." We have combined these into a single issue because we perceive the appellate claim in each of these to be the same: that the evidence was insufficient to sustain the verdict.

the first to display a weapon. Record at 1331. In addition, the evidence indicated that the defendant and the victim were "quite a distance" apart, Record at 1029, and that, in spite of the defendant's claim that the victim was coming at him with a knife in his right hand, the victim was left-handed. Record at 1331, 1360. Moreover, none of the others at the scene could corroborate that the victim had a knife.

Whether a defendant acted in self-defense is generally a question of fact for the jury. *Bell v. State* (1985), Ind., 486 N.E.2d 1001, 1004. We find that the evidence was sufficient to disprove the defendant's claim of self-defense.

The defendant further contends that the evidence was insufficient to support the conviction because of instances of conflicting evidence and testimony inconsistent with prior statements of the witnesses. He argues that these conflicts resulted in accounts of the incident that are inherently improbable, thereby requiring his conviction to be reversed.

While this Court has acknowledged that a reviewing court is authorized to overturn a conviction based on testimony that is "inherently improbable," *Johnson v. State* (1991), Ind., 580 N.E.2d 670, 671; *Bedwell v. State* (1985), Ind., 481 N.E.2d 1090, 1092, or on testimony of "incredible dubiosity," *Webster v. State* (1987), Ind., 513 N.E.2d 173, 175; *Rodgers v. State* (1981), Ind., 422 N.E.2d 1211, 1213, it is the province of the jury to hear the testimony given by the witnesses and to assess credibility and veracity. *Johnson*, 580 N.E.2d at 671. Inconsistencies go to the weight and credibility of the testimony, the resolution of which is within the province of the trier of fact. *Webster*, 513 N.E.2d at 175. This Court will not judge witness credibility or reweigh the evidence. *Id.*

Despite the inconsistencies and conflicts in the testimony asserted by the defendant, we decline to find the evidence supporting the conviction to be inherently improbable or incredibly dubious. We find from the evidence that the jury could have reasonably concluded that the defendant was guilty beyond a reasonable doubt.

The defendant also contends that the trial court erred in allowing the decedent's mother to testify as a rebuttal witness for the State. The defendant objected to her proposed testimony on grounds that she had been present in the courtroom throughout the proceedings in spite of an order for separation of witnesses.

The determination of the remedy for any violation of a separation order is wholly within the discretion of the trial court. *See Wisehart v. State* (1985), Ind., 484 N.E.2d 949, 956, *cert. denied* (1986), 476 U.S. 1189, 106 S.Ct. 2929, 91 L.Ed.2d 556. Even when it is confronted with a clear violation, the trial court may choose to allow the violating witness to testify at trial. *Goolsby v. State* (1987), Ind., 517 N.E.2d 54, 60–61. We will not disturb a trial court's decision on such matters absent a showing of a clear abuse of discretion. *Clark v. State* (1985), Ind., 480 N.E.2d 555, 558.

In the present case, the defendant objected to the witness's testimony when it was offered. The prosecutor responded that the State had not expected the defendant's testimony that the decedent had pulled a knife out of his right pocket. Record at 1355–56. Only then, the State explained, did it become apparent that the rebuttal testimony of the victim's mother would be necessary to demonstrate that the victim was left-handed. *Id.* The trial court allowed the witness to testify and stated, "Mr. Jones either was or wasn't left-handed or right-handed. I don't think the fact that she sat through the trial would change that fact at all. And the State wasn't aware that was an issue until the defendant testified." Record at 1357.

The defendant argues that in permitting the testimony, the trial court abused its discretion. He urges that our decision in *McDonald v. State* (1987), Ind., 511 N.E.2d 1066, "disallows this trial court from permitting a non-listed witness, present when the witness that she is to refute is testifying, to testify in light of the violation of the separation order." Brief of Appellant at 14. To the contrary, *McDonald* merely affirmed a

trial court's exercise of discretion in refusing to permit testimony in violation of a separation order. *McDonald*, 511 N.E.2d at 1069.

Likewise, in the present case, we find no abuse of discretion by the trial court in permitting the victim's mother to testify on rebuttal.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, SULLIVAN, and SELBY, JJ., concur.