**Tyonia HAMILTON, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9712–JV–518.**

Court of Appeals of Indiana.

May 18, 1998.

Rehearing Denied July 27, 1998.

·Sarah L. Nagy, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Tyonia Hamilton appeals her convictions for two counts of Neglect of a Dependent, class D felonies,[1] and two counts of Failure to Ensure that Her Child Attends School ("Failure to Ensure"), class B misdemeanors.[2] Hamilton raises one issue on appeal: whether the evidence is sufficient to sustain her convictions.

We reverse.

The facts most favorable to the verdict reveal that Hamilton's children, K.W. and E.W., were enrolled at Brookview Elementary School during the 1996–97 school year. Marilyn Beasley, the attendance officer for Brookview, testified that during a six-month period K.W. had ten unexcused absences from school and E.W. had four unexcused absences. According to Beasley, an unexcused absence is one for which the school does not receive a call or a note from a parent explaining the absence. Additional facts are provided as needed.

▆ Hamilton argues that the evidence is insufficient to sustain her convictions. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh. denied*. We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a factfinder could find the defendant guilty beyond a reasonable doubt. *Id.*

▆ We first review Hamilton's two convictions for Failure to Ensure. In order to convict a person of this crime, the State is required to prove beyond a reasonable doubt that a person (1) knowingly, (2) failed to ensure that her child attended school, (3) as required under Indiana's compulsory attendance law. IC 20–8.1–3–33(a) and 20–8.1–3–37. Furthermore,·before the State may file charges against a parent for Failure to Ensure, the school superintendent or his designee must serve the parent with proper notice of a child's failure to attend school. IC 20–8.1–3–33(b). Thus, the State must also prove beyond a reasonable doubt that the parent received notice in the required form.

▆ The State failed to meet its burden of proof in this case. The record does not establish that Hamilton received notice of her children's absences in the proper form. IC 20–8.1–3–33(b) specifies the form that this notice must take:

> Personal notice must consist of and take place at the time of the occurrence of one of the following events: (1) the date of personal delivery of notice; (2) the date of receipt of the notice sent by certified mail; or (3) the date of leaving notice at the last and usual place of the residence of the parents.

*Id.* Attendance Officer Beasley testified that she notified Hamilton, by mail, on January 21, 1997. However, nothing in the record indicates that this notice was sent by certified mail as required by IC 20–8.1–3–33(b). Accordingly, the State failed to meet its burden, and Hamilton's convictions for Failure to Ensure must be reversed.

Hamilton was also convicted of two counts of Neglect of a Dependent. IND.CODE § 35–46–1–4(a) provides in part: "A person having the care of a dependent, whether assumed voluntarily or because ·of a legal obligation, who knowingly or intentionally: ... deprives the dependent of education as required by law; commits neglect of a dependent...." Hamilton argues that ·the State's evidence was insufficient for a fact-finder to conclude that she knowingly or intentionally deprived K.W. or E.W. of education as required by law.

Initially, we note that we cannot reverse Hamilton's Neglect of a Dependent convictions simply because the State failed to meet its burden with respect to Failure to Ensure. We reversed the Failure to Ensure convic-

---

**1.** IND.CODE § 35–46–1–4(a) (1993).

**2.** IND.CODE §§ 20–8.1–3–33 and 20–8.1–3–37 (1993).

tions, not because we concluded that Hamilton did not violate the compulsory attendance law, but instead because the school corporation failed to properly notify Hamilton of her children's absences. Unlike the Failure to Ensure statute, the Neglect of a Dependent statute does not contain a notification requirement. Thus, we can affirm Hamilton's Neglect of a Dependent convictions to the extent that the State met its burden of proving the elements of that crime.

In presenting its case, the State seems to have assumed that violation of the compulsory attendance law would also establish educational Neglect of a Dependent. We reach this conclusion because the only evidence of educational deprivation presented by the State was that K.W. had ten absences and E.W. had four unexcused absences during a six-month period. Although we have found no reported decisions in Indiana where an individual has been convicted of neglect for depriving a child of education, a plain reading of the Neglect of a Dependent statute reveals that the State is required to prove more than a person's violation of the compulsory attendance law in order to convict that person of felony neglect.[3]

The Neglect of a Dependent statute requires that a child be deprived of "education as required by law." "Education" is defined as the "[a]cquisition of all knowledge tending to train and develop the individual." BLACK'S LAW DICTIONARY 514 (6th ed.1990). Education is more than merely attending school as required by law. It is the receipt of knowledge which comes from engaging in a course of study. Thus, the Neglect of a Dependent statute requires the State to prove more than a child's failure to attend some type of school; the State must also prove that, as a result of the child's failure to attend school, the child failed to acquire the knowledge and training taught at the school.

Here, the State made no effort to show that, due to their absences, K.W.'s and E.W.'s educations were harmed to such an extent that they were deprived of the acquisition of knowledge required of children their age. Although we can foresee circumstances

where a parent's failure to comply with the compulsory attendance law could result in a child being deprived of knowledge and training, the State has failed to make the required showing in this case. Accordingly, we reverse Hamilton's convictions for Neglect of a Dependent.

Reversed.

SHARPNACK, C.J., and HOFFMAN, J., concur.

---

**3.** Although we question whether Hamilton violated the compulsory attendance law with respect to K.W.'s absences, we assume *arguendo* that she did violate the law with respect to both K.W. and E.W.