Stanley RUTH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9802–CR–114.

Court of Appeals of Indiana.

Feb. 26, 1999.

Teresa D. Harper, Liell, McNeil & Harper, Bloomington, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Following a jury trial, Stanley Ruth appeals his convictions for rape,[1] a class A felony; two counts of criminal deviate conduct,[2] both class B felonies; and criminal deviate conduct,[3] a class A felony. Ruth presents one issue for our review, which we restate as: whether there was sufficient evidence to show that he used force or the threat of the use of imminent force to commit the crimes.

We affirm.

The facts most favorable to the verdict reveal that the nine-year-old victim, J.M., was sleeping in her bed when Ruth entered her bedroom. Ruth picked J.M. up off her bed, put his hand over her mouth, and placed her in the floor of the hallway. In the hallway, Ruth removed J.M.'s underwear and placed his penis into her vagina. Ruth then told J.M. to go to the living room. There, Ruth placed a pillow over J.M.'s face and laid on top of her. Ruth proceeded to put his finger or his penis in J.M.'s vagina. After the second assault, Ruth told J.M. to go back to bed, and threatened that if she called for help, he would kill her.

◼ Ruth contends that the State's evidence showing that he used force or the threat of force to commit the acts of rape and criminal deviate conduct was insufficient. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

◼ The pertinent language of the rape statute states that "A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when (1) the other person is compelled by force or imminent threat of force . . . commits rape." IC 35–42–4–1. The criminal deviate conduct statute states that "A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when (1) the other person is compelled by force or imminent threat of force . . . commits criminal deviate conduct." IC 35–42–4–2. It is the victim's perspective, not the assailant's, from which the presence or absence of forceful compulsion is to be determined. *Tobias v. State*, 666 N.E.2d 68, 72 (Ind.1996). This is a subjective test that looks to the victim's perception of the circumstances surrounding the incident in question. The issue is thus whether the victim perceived the aggressor's force or imminent

---

**1.** Ind.Code § 35–42–4–1 (1993).

**2.** Ind.Code § 35–42–4–2 (1993).

**3.** *Id.*

threat of force as compelling her compliance. *Id.*

There was sufficient evidence to prove that Ruth used force to commit the acts of rape and criminal deviate conduct on the nine-year-old victim. The evidence revealed that Ruth picked the girl up out of her bed and put his hand over her mouth. He then laid J.M. on the floor and took off her underwear. Later, Ruth followed J.M. to the couch where he laid down on her and put a pillow over her face. This is sufficient evidence from which the jury could find that Ruth used force to engage in sexual conduct with J.M.

Affirmed.

RILEY, J., and BROOK, J., concur.