**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 06 2012, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRIAN J. MAY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SANTOS C. LOPEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1109-CR-480 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable J. Jerome Frese, Judge
Cause No. 71D03-1004-FC-69

**July 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Santos Lopez appeals his conviction for Class B felony Unlawful Possession of a Firearm by a Serious Violent Felon.[1] Specifically, Lopez contends that the evidence is insufficient to support his conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

At some point during the afternoon on April 4, 2010, Suzetta Tucker and her mother were returning to Tucker's apartment in the West Jefferson Apartments in Mishawaka. A blue vehicle pulled into the entrance of the apartment complex just in front of Tucker. The blue vehicle stopped, not leaving Tucker with enough room to pull around it. Tucker "tapped" her car horn but the blue vehicle did not move. Tr. p. 18. A few moments later, Tucker honked her car horn for a longer period. The blue vehicle did not move.

After Tucker honked her car horn, she noticed Lopez get out of the back-passenger seat of the blue vehicle. Lopez faced Tucker's vehicle, pulled up his shirt, pulled a firearm from his pants, and pointed the firearm at Tucker's vehicle. Tucker observed that the firearm was, at least in part, silver, but did not know what type of firearm it was. At this same time, Christon Watson, a resident of the apartment complex, observed a man pointing a dark, semiautomatic handgun at a vehicle and notified police. Tucker stayed in her vehicle, called the police, and provided them with the blue vehicle's license plate number. Lopez eventually got back into the blue vehicle, and the blue vehicle pulled forward into the parking area.

Tucker stayed on the phone with police as she pulled forward into the parking area. Tucker watched as Lopez again exited the blue vehicle and began to chase another vehicle.

---

[1] Ind. Code § 35-47-4-5 (2009).

Tucker saw Lopez brandishing the firearm at the other vehicle before he re-entered the blue vehicle, which then drove off. Tucker initially described the perpetrator as a black male, but subsequently identified Lopez, who is Hispanic, as the perpetrator. Tucker picked Lopez out of a photo array shown to her by police on April 5, 2010, and then again at trial.

Mishawaka Police Officer Bruce Faltynski responded to the calls about the disturbance at the West Jefferson Apartments. As he approached the entrance to the apartment complex, Officer Faltynski observed a blue vehicle matching the description provided by Tucker and Watson leaving the complex. Officer Faltynski activated his emergency lights and sirens. The blue vehicle, however, did not stop.[2] Officer Faltynski followed the blue vehicle, sometimes at speeds nearing eighty to ninety miles per hour, until the blue vehicle crashed. Both the driver and Lopez were taken into custody.[3]

On April 6, 2010, the State charged Lopez with Class D felony intimidation, Class A misdemeanor carrying a handgun without a license, and Class C felony unlawful possession of a handgun by a serious violent felon. On April 15, 2010, the State amended the charging information to include a charge of Class B felony possession of a firearm by a serious violent felon. On April 21, 2011, Lopez waived his right to a jury trial. On August 8, 2011, the State withdrew the Class C felony unlawful possession of a handgun by a serious violent felon charge.

---

[2] At some point after Officer Faltynski activated his emergency lights and sirens, the blue vehicle stopped momentarily while an unidentified female passenger exited the vehicle.

[3] No firearm was recovered from the vehicle. The State's theory is that Lopez threw the firearm from the vehicle before Lopez and the driver were apprehended. A firearm was recovered from along the route driven by the blue vehicle during the flight from the apartment complex.

Following a bench trial, the trial court found Lopez not guilty of Class D felony intimidation, and guilty of Class A misdemeanor carrying a handgun without a license and Class B felony unlawful possession of a firearm by a serious violent felon. The trial court merged the misdemeanor carrying a handgun without a license conviction into the unlawful possession of a firearm by a serious violent felon conviction. On August 31, 2011, the trial court imposed a twelve-year term of incarceration with five years suspended and three years on supervised probation. This appeal follows.

## DISCUSSION AND DECISION

Lopez contends that the evidence is insufficient to support his conviction for Class B felony unlawful possession of a firearm by a serious violent felon.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction.… The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). Inconsistencies in witness testimony go to the weight and credibility of the testimony, "the resolution of which is within the province of the trier of fact." *Jordan v. State*, 656 N.E.2d 816, 818 (Ind. 1995). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

In order to convict Lopez of Class B felony unlawful possession of a firearm by a

4

serious violent felon, the State was required to prove that Lopez was a serious violent felon who knowingly or intentionally possessed a firearm. Ind. Code § 35-47-4-5(c). A "serious violent felon" is a person who has been convicted of committing a serious violent felony or attempting to commit or conspiring to commit a serious violent felony. Ind. Code § 35-47-4-5(a). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Indiana Code § 35-41-2-2(a) (2009). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Indiana Code § 35-41-2-2(b).

Pursuant to Indiana Code section 35-47-4-5(b), the class of felonies referred to as serious violent felonies includes dealing in or manufacturing cocaine or a narcotic drug. In the instant matter, Lopez stipulated to the fact that he had prior convictions for Class B felony dealing in a narcotic drug and Class B felony dealing in cocaine, and that as a result of these convictions, qualified as a serious violent felon for the purposes of Indiana Code section 35-47-4-5. Thus, the remaining question is whether Lopez knowingly or intentionally possessed a firearm.

Lopez claims that the evidence is insufficient to prove that he possessed a firearm because Tucker initially provided an inconsistent identification of Lopez. Lopez acknowledges that he stipulated to the fact that Tucker identified him out of a photo array the day after the alleged incident occurred and concedes that Tucker identified him as the perpetrator at trial. Lopez, however, argues that these identifications are insufficient to prove that he possessed a firearm because the identifications are inconsistent with Tucker's initial

5

statement to police in which she described the individual who pointed a gun at her as a black man.

> A single eyewitness's testimony is sufficient to sustain a conviction. *Badelle v. State*, 754 N.E.2d 510, 543 (Ind. Ct. App. 2001), *trans. denied.* Any inconsistencies in identification testimony go only to the weight of that testimony, as it is the task of the fact-finder to weigh the evidence and determine the credibility of the witnesses. *Id.* We do not weigh the evidence or resolve questions of credibility when determining whether the identification evidence is sufficient to sustain a conviction. *Id.*

*Rutherford v. State*, 866 N.E.2d 867, 871 (Ind. Ct. App. 2007); *see also Lee v. State*, 735 N.E.2d 1112, 1115 (Ind. 2000).

Here, the evidence demonstrates that although Tucker initially told the investigating officers that the person who possessed, pointed, and brandished the firearm was a black male, she consistently identified Lopez as the individual who possessed, pointed, and brandished the firearm on April 4, 2010. Tucker identified Lopez from a photo array provided by police on April 5, 2010, and again identified Lopez as the perpetrator at trial. The trial court, acting as the fact-finder, weighed the inconsistencies between Tucker's initial statement and subsequent identifications and determined that Tucker's identification of Lopez was credible. Lopez's claim to the contrary amounts to an invitation for this court to reweigh the evidence and to re-evaluate issues of credibility, which, again, we will not do. *See Rutherford*, 866 N.E.2d at 871.

At trial, Tucker positively identified Lopez as the person who emerged from the blue vehicle that had stopped immediately in front on her own vehicle, pulled the firearm from his pants, and pointed the firearm at her. Tucker further identified Lopez as the person who

brandished the firearm after he approached another vehicle. The trial court determined that this testimony was sufficient to prove that Lopez knowingly or intentionally possessed a firearm. We agree.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.