## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 07 2015, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Sergey Grechukhin
Kirtley, Taylor, Sims, Chadd & Minnette, P.C.
Lebanon, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antionne Lamar Brewster, <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 7, 2015 <br><br> Court of Appeals Case No. 06A01-1502-CR-66 <br><br> Appeal from the Boone Superior Court <br> The Honorable Matthew C. Kincaid, Judge <br><br> Trial Court Cause No. 06D01-1411-F6-183 |

**Bradford, Judge.**

# Case Summary

[1]     Appellant-Defendant Antionne Brewster and J.P had been romantically involved for approximately four years as of November of 2014.  On November

12, 2014, Brewster and J.P. argued over a telephone call J.P. received from a male coworker. When J.P. locked herself and her three children in a bedroom, Brewster broke the door open and proceeded to push, smack, choke, and bite J.P. J.P.'s children were in the "next room" when Brewster's assault on J.P. occurred. Appellee-Plaintiff the State of Indiana eventually charged Brewster with two counts of Level 6 felony domestic battery, Level 6 felony strangulation, and Class A misdemeanor domestic battery. The trial court found Brewster guilty as charged and sentenced him to two and one-half years each for Level 6 felony domestic battery and Level 6 felony strangulation, both sentences to be served consecutively. Brewster contends that the State produced insufficient evidence to sustain his conviction for Level 6 felony domestic battery. Concluding that the State produced sufficient evidence to sustain the challenged conviction, we affirm.

## Facts and Procedural History

[2] By November of 2014, Brewster and J.P. had been romantically involved for approximately four years, were living together, and considered themselves to be husband and wife. (Tr. 29). At the time, J.P. had three children, all of whom were under the age of thirteen and none of whom were biologically Brewster's. During the morning of November 12, 2014, Brewster and J.P. began arguing after J.P. received a telephone call from a male coworker. (Tr. 39). Brewster accused J.P. of "sleep[ing] around" and called her "[a] ho." Tr. pp. 30, 31.

[3] Later, J.P. locked herself and her children in a bedroom, but Brewster "was not pleased with the door being locked and busted it in." Tr. p. 31. Brewster pushed, smacked, and choked J.P. and "bit [her] on the face." Tr. p. 32. During the attack, J.P.'s children "were in the next room." Tr. p. 32.

[4] On November 13, 2014, the State charged Brewster with Level 6 felony strangulation and Level 6 felony domestic battery. (Appellant's App. 37). On December 29, 2014, the State amended the charging information to add Count III, Class A misdemeanor domestic battery and Count IV, Level 6 felony domestic battery. (Appellant's App. 26-27). On January 12, 2015, the trial court conducted a bench trial, after which it found Brewster guilty as charged. (Appellant's App. 74-75). On February 5, 2015, the trial court entered judgment of conviction for one count of Level 6 felony domestic battery and Level 6 felony strangulation. (Tr. 101). That day, the trial court sentenced Brewster to two and one-half years of incarceration for each conviction, both sentences to be served consecutively. (Tr. 101-02).

# Discussion and Decision

## Whether the State Produced Sufficient Evidence to Sustain Brewster's Conviction for Level 6 Felony Domestic Battery

[5] Brewster contends that the State produced insufficient evidence to sustain his Level 6 felony domestic battery conviction. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor resolve questions of

credibility. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Id.* If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993).

[6]     Brewster challenges only the sufficiency of the State's evidence to establish that he committed his battery of J.P. within the physical presence of her three children, which raises his domestic battery from a misdemeanor to a Level 6 felony. Indiana Code section 35-42-2-1.3 provides, in part, as follows:

> (a) A person who knowingly or intentionally touches an individual who:
> …
>> (2) is or was living as if a spouse of the other person as provided in subsection (c); or
>> …
> in a rude, insolent, or angry manner that results in bodily injury to the person described in subdivision (1), (2), or (3) commits domestic battery, a Class A misdemeanor.
> (b) However, the offense under subsection (a) is a Level 6 felony if the person who committed the offense:
> ….
>> (2) committed the offense in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense.

[7]     Indiana Code section 35-42-2-1.3 requires only "the possibility that [the children] 'might' see or hear [the domestic battery]." *True v. State*, 954 N.E.2d

1105, 1111 (Ind. Ct. App. 2011). "'Presence' is defined as knowingly being within either the possible sight or hearing of a child." *Id.* (emphasis omitted).

[8] We conclude that the State proved that Brewster committed his domestic battery of J.P. in the physical presence of her three children. Brewster testified that he was aware that the children were present when the argument began, and the trial court was free to infer that he saw them again when he knocked in J.P.'s door directly before battering her. J.P. testified that as Brewster pushed, hit, choked, and bit her, her children were "in the next room." Tr. p. 32. Brewster argues that J.P.'s testimony is unclear regarding whether the children were in the next room when he bit J.P., but we believe that a fair reading of the testimony in question indicates otherwise:

> Q. How did he touch you?
> A. He was pushing me, smacking me, he choked me out and bit me on my face?
> Q. When you say he choked you out, what part of his body did he put on what part of your body?
> A. He was laying on top of me and his hands were around my throat.
> Q. Were you able to breathe while that was happening?
> A. For the most part.
> Q. Did you have trouble breathing?
> A. Yes.
> Q. Did you have any trouble speaking or saying anything at that time?
> A. Yes.
> Q. Where were the children when that was going on?
> A. They were in the next room.

Tr. p. 32.

We conclude that the State produced sufficient evidence to sustain a finding that the children were in the next room during Brewster's battery of J.P., clearly within possible sight or hearing of the attack. Brewster's argument amounts to an invitation to reweigh the evidence, which we will not do. *Jordan*, 656 N.E.2d at 817.

[9] The judgment of the trial court is affirmed.

May, J., and Crone, J., concur.