## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2016, 8:44 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE INDIANA ATTORNEY GENERAL

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Matters, | March 15, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1509-CR-1421 |
| *v.* | Appeal from the Marion Superior Court |
| | The Honorable Christina Klineman, Judge |
| State of Indiana, | |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49G17-1507-CM-26748 |

**Bradford, Judge.**

# Case Summary

Appellant-Defendant Jospeh Matters became angry with Colleen Bonner soon after the two had ended their romantic relationship. Matters became upset that Bonner was going to visit a mutual friend and followed her there. Once there, Matters confronted Bonner, opened her vehicle door, and struck her on the left side of the face. Matters was aware that Bonner had stitches in her mouth from a recent surgery, and his blow caused pain, bleeding, and the stiches to tear open. The trial court found Matters guilty of Class A misdemeanor battery. Matters contends that the State produced insufficient evidence to sustain his conviction. We affirm.

## Facts and Procedural History

Matters and Bonner had dated and lived together for two and one-half years before breaking up in July of 2015. On July 19, 2015, Bonner drove to the Indianapolis apartment of mutual friend Brandon Bailey. Matters became upset when he heard of Bonner's visit and followed her there, both arriving around 10:45 p.m. Matters "whipped his car up next to" Bonner's and started screaming and yelling, banging on the glass, and calling her names through the window. Tr. p. 8. When Bonner put the car into park, the doors unlocked, allowing Matters to open the driver's door and strike Bonner on the left side of her face. Bonner had recently had surgery to remove wisdom teeth, and Matters was aware that she had stiches in her mouth. Matters's strike caused Bonner pain and bleeding and tore open a few stiches. On July 29, 2015, the State charged Matters with Class A misdemeanor domestic battery, Class A

misdemeanor battery, and Class A misdemeanor interference with the reporting of a crime. On August 26, 2015, the trial court found Matters guilty of Class A misdemeanor battery and sentenced him to 180 days of incarceration, with all but time served suspended to probation.

## Discussion and Decision

[3] Matters contends that the State failed to produce sufficient evidence to sustain his conviction. When reviewing the sufficiency of the evidence, we neither weigh the evidence nor resolve questions of credibility. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Id*. If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993). Pursuant to Indiana Code section 35-42-1-1(b), "a person who knowingly or intentionally … touches another person in a rude, insolent, or angry manner … commits battery … a Class A misdemeanor if it results in bodily injury to any other person." Pursuant to what is now Indiana Code section 35-31.5-2-29, "'Bodily injury' means any impairment of physical condition, including physical pain."

[4] Matters argues only that the State failed to establish that he touched Bonner in a rude, insolent, or angry manner or that he did so knowingly. The evidence, however, indicates that Matters followed Bonner and, when he found her,

began banging on her window, yelling and screaming at her, and calling her names. As soon as Matters was able, he reached into Bonner's vehicle and struck her in the face. The clear evidence of Matters's anger toward Bonner, along with the undisputed evidence of the blow and bodily injury it caused, is sufficient to sustain a finding that he knowingly touched her in a rude, insolent, or angry manner. Matters's argument is nothing more than an invitation to reweigh the evidence, which we will not do. *See Jordan*, 656 N.E.2d at 817.

The judgment of the trial court is affirmed.

Baker, J., and Pyle, concur.