## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 18 2016, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean P Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tasha Subili,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

August 18, 2016

Court of Appeals Case No. 71A03-1601-CR-212

Appeal from the St. Joseph Superior Court

The Hon. Jenny Pitts Manier, Judge

Trial Court Cause No. 71D02-1503-CM-1075

**Bradford, Judge.**

# Case Summary

[1] On March 27, 2015, Appellant-Defendant Tasha Subili was on the property of the South Bend International Airport ("the Airport") after having been told she

was no longer welcome there without legitimate business. Subili approached Mark Eads and told him that she needed money to get to LaPorte, Indiana, and said she had found a driver willing to take her there for $60. As Eads attempted to verify Subili's story with the taxi driver that Subili indicated, Subili took a $50 bill from Eads's hand without authorization. Appellee-Plaintiff the State of Indiana charged Subili with criminal trespass and criminal conversion, both Class A misdemeanors. The trial court found Subili guilty as charged and sentenced her to 270 days of incarceration for each conviction, to be served concurrently, and ordered restitution of $50. Subili contends that the State failed to produce sufficient evidence to sustain either of her convictions. Because we disagree, we affirm.

# Facts and Procedural History

[2] On January 29, 2015, Matthew Willis, who works as a police officer, emergency medical technician, and firefighter at the Airport, responded to a report of a woman yelling at the taxi stand. Officer Willis arrived and found Subili walking nearby. Officer Willis recognized Subili from an incident nine days previously, when he had told her that if she came back to the Airport "scamming people for money" and did not have an appropriate ticket, she would be issued a trespass order. Consequently, when Officer Willis encountered Subili on January 29, 2015, and verified that she did not have a ticket, he issued her a trespass order. The "Notice of Trespass" notified Subili that her patronage was no longer welcome at the Airport and that if she entered

the premises again without a valid ticket for a mode of transportation available at the Airport, she would be prosecuted for trespass and subject to a fine and/or incarceration. Officer Willis testified that it was "common practice" to give copies of trespass orders to those they were issued to and that he told Subili she was no longer welcome at the Airport if she "was not conducting business as far as those planes, trains [or] buying a ticket[.]" Tr. p. 18-19. The Notice of Trespass, admitted as State's Exhibit 1, indicates that it was served on Subili.

[3] On March 27, 2015, Eads was at the Airport to pick up his mother when he was approached by Subili. Subili told Eads that she needed money to get to LaPorte and that she had found a taxi driver willing to take her for $60. Eads told Subili that he wanted to meet the taxi driver, and the duo walked to a taxi, into which Subili "crawled[.]" Tr. p. 22. As Eads questioned the driver, who was "nodding his head no[,]" Subili reached out and "snatched" a $50 bill that Eads had in his hand. Tr. p. 22. At that point, the driver exited the taxi and, along with Eads, held the back doors of the taxi, preventing Subili's escape. Subili "turned into a wild cat in the back of that taxi [and] was attempting to kick the windows out and everything out." Tr. p. 22. Eventually, police arrived and arrested Subili. At no point did Eads tell Subili that she could have the $50 bill and, in fact, specifically told her that he would only give it to the taxi driver.

[4] On March 30, 2015, the State charged Subili with criminal trespass and criminal conversion, both Class A misdemeanors. On October 8, 2015, the trial court found Subili guilty as charged and sentenced her to 270 days of

incarceration for each conviction, to be served concurrently, and ordered restitution of $50.

# Discussion and Decision

Subili contends that the State failed to produce sufficient evidence to sustain either of her convictions. When reviewing the sufficiency of the evidence, we neither weigh the evidence nor resolve questions of credibility. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Id*. If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993).

## I. Criminal Trespass

Indiana Code subsection 35-43-2-2(b)(1) provides, in part, that "[a] person who … not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent …. commits criminal trespass, a Class A misdemeanor." "A person has been denied entry under subsection (b)(1) when the person has been denied entry by means of … personal communication, oral or written[.]" Ind. Code § 35-43-2-2(c)(1).

Subili contends that the State failed to establish that Officer Willis actually served the Notice of Trespass on her on January 29, 2015, even though the

Notice indicates that it was served on her. Officer Willis, however, testified that it was "common practice" to serve Notices of Trespass, which gives rise to a reasonable inference that this was done on January 29, 2015. In any event, Indiana Code subsection 35-43-2-2(c) provides that a person may be denied entry through oral personal communication, and Officer Willis testified that he told Subili that she was no longer welcome on Airport property without a valid reason to be there. Subili points to her testimony that she was at the Airport to meet a friend for a drink before travelling to LaPorte. The trial court was under no obligation to credit this testimony and did not. Subili's argument is nothing more than an invitation to reweigh the evidence, which we will not do.

## II. Criminal Conversion

[8] Subili also contends that the State failed to produce sufficient evidence to support her conviction for criminal conversion. "A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor." Ind. Code § 35-43-4-39(a). Subili's argument seems to be that the State's proof fails because there is no evidence that the $50 bill was found on her person after her arrest. Subili cites to no authority for the proposition that the converted property must be found on a defendant in order to support a conviction for criminal conversion. Eads testified that he specifically told Subili that he would only give the $50 bill to the taxi driver and that Subili subsequently took it from his hand. The trial court was entitled to credit this testimony and did so. Again, Subili's argument amounts to an invitation to reweigh the evidence, which we will not do.

[9] We affirm the judgment of the trial court.

Pyle, J., and Altice, J., concur.