# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 26 2017, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
La Porte, Indiana

ATTORNEYS FOR APPELLEE INDIANA ATTORNEY GENERAL

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derrick David Wolford,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff*

September 26, 2017

Court of Appeals Case No. 46A04-1703-CR-629

Appeal from the La Porte Superior Court

The Honorable Greta Sterling Friedman, Judge

Trial Court Cause No. 46D04-1512-CM-3211

**Bradford, Judge.**

# Case Summary

On August 24, 2015, Appellant-Defendant Derrick Wolford went to the home of his ex-girlfriend Katie Bohle to retrieve some belongings. At some point, Wolford asked Bohle for a cigarette, and, when Bohle left to retrieve one, Wolford was left alone with her purse. Later that day, Bohle noticed that $720 (which represented the proceeds of the paycheck she had cashed that morning) was missing from her purse. Wolford was the only person other that Bohle who had had access to the purse before the money was discovered to be missing. The State charged Wolford with Class A misdemeanor theft, and the trial court found him guilty as charged and sentenced him to 180 days of incarceration. Wolford contends that the State produced insufficient evidence to sustain his theft conviction. Because we disagree, we affirm.

# Facts and Procedural History

On August 24, 2015, Bohle cashed her $720 paycheck from her job as a certified nursing assistant and placed the money in her purse. Thereafter, Wolford, whose romantic relationship with Bohle had recently ended, arrived at Bohle's residence in La Porte County to retrieve some of his belongings. Wolford was aware of Bohle's schedule and when she was paid and cashed her paycheck.

While Wolford was gathering his belongings, he asked Bohle for a cigarette, which required her to retrieve one from her vehicle outside. While Bohle retrieved her cigarettes, Wolford was alone with her purse. Wolford smoked

the cigarette, loaded up his belongings, and left. Later that day, Bohle went shopping and discovered that her $720 was gone. Bohle testified that Wolford was the only one alone with her purse and that he did not have permission to rummage through her purse or take her money.

[4] On December 16, 2015, the State charged Wolford with theft, a Class A misdemeanor. On December 21, 2016, Wolford was tried before the bench, and on January 6, 2017, the trial court found Wolford guilty as charged. On February 17, 2017, the trial court sentenced Wolford to 180 days executed in jail and ordered him to pay restitution in the amount of $720.

# Discussion and Decision

## Sufficiency of the Evidence

[5] Wolford contends that the State failed to produce sufficient evidence to sustain his theft conviction. When reviewing the sufficiency of the evidence, we neither weigh the evidence nor resolve questions of credibility. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Id*. If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993).

[6] Indiana Code section 35-73-4-2(a) provides, in part, that "[a] person who knowingly or intentionally exerts unauthorized control over property of another

person, with intent to deprive the other person of any part of its value or use, commits theft, a Class A misdemeanor." Here, Bohle testified that she cashed her paycheck and placed the money in her purse and that Wolford (who knew when Bohle got paid) was the only other person who had had access to the purse before the cash was discovered to be missing. Bohle's testimony is sufficient to support an inference that Wolford stole the $720 from Bohle's purse. Wolford points to his testimony that he did not take the money, he never saw the purse, and his recent breakup with Bohle provided her with a motive to lie. The trial court was under no obligation to credit this evidence and did not. Wolford's argument is nothing more than an invitation to reweigh the evidence, which we will not do. *See Jordan*, 656 N.E.2d at 817.

[7] The judgment of the trial court is affirmed.

May, J., and Barnes, J., concur.