## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 27 2017, 10:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Edgar
J. Edgar Law Offices, Prof. Corp.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Erron Thomas, <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 27, 2017 <br><br> Court of Appeals Case No. 49A05-1606-CR-1473 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Allan Reid, Judge *Pro Tempore* <br><br> Trial Court Cause No. 49G05-1307-FB-44520 |

**Bradford, Judge.**

# Case Summary

[1] In June of 2013, Appellant-Defendant Erron Thomas was caring for his two-month-old daughter M.T. by himself when she was injured. Doctors determined that M.T. had suffered two fractured bones in her leg and bone bruising or a fracture in her arm. Doctors concluded that M.T.'s bones were normal and that her injuries were the result of non-accidental trauma. Appellee-Plaintiff the State of Indiana charged Thomas with Class B felony battery, and the trial court found him guilty as charged. Thomas contends that the State produced insufficient evidence to sustain his conviction. Because we disagree, we affirm.

# Facts and Procedural History

[2] In June of 2013, Thomas and Lindsay Champlin lived together in Indianapolis with their two-month-old daughter, M.T. Thomas would care for M.T. while Champlin worked during the day and would leave for work when she returned home. On the morning of June 14, 2013, M.T. was uninjured when Champlin left for work. At approximately 9:00 a.m., Thomas changed M.T.'s diaper and soon thereafter contacted Champlin to inform her that he was taking M.T. to the hospital.

[3] At the hospital, medical staff determined that M.T. had sustained a spiral fracture of the right femur and corner fracture of the right tibia and contacted the Department of Child Services. M.T. was transferred to St. Vincent Hospital

for specialized care and was evaluated by Dr. Courtney Demetris. Dr. Demetris confirmed that M.T.'s femur fracture resulted from a twisting force, the tibia fracture was of a type that would typically be caused by a "yanking, pulling, torqueing-type of force[,]" and both injuries could have been caused by the same mechanism. Tr. p. 150. Dr. Demetris also noted bone bruising or a hairline fracture in M.T.'s left forearm and concluded that all of M.T.'s injuries occurred at approximately the same time. Dr. Demetris opined that the force necessary to break a leg in two places and cause either a bruise or a fracture on an arm is a "violent" action. Tr. p. 177. After reviewing the case in detail, Dr. Demetris concluded to a reasonable degree of medical certainty that M.T.'s injuries were the result of non-accidental trauma or child abuse.

[4] On July 11, 2013, the State charged Thomas with Class B felony battery. Following a bench trial that ended on March 1, 2016, the trial court found Thomas guilty as charged. On June 28, 2016, the trial court sentenced Thomas to ten years of incarceration, with two years to be served in the Department of Correction, four on home detention, and four suspended with two of those suspended to probation.

# Discussion and Decision

[5] Thomas contends that the State failed to produce sufficient evidence to sustain his conviction for Class B felony battery. When reviewing the sufficiency of the evidence, we neither weigh the evidence nor resolve questions of credibility. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). We look only to the evidence

of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Id.* If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993).

[6] In order to convict Thomas of Class B felony battery on M.T., the State was required to establish that he "knowingly or intentionally … touche[d her] in a rude, insolent, or angry manner [when t]he offense results in bodily injury to [a] person less than fourteen (14) years of age if the offense is committed by a person at least eighteen (18) years of age." Ind. Code § 35-42-2-1 (2012). In challenging his conviction, Thomas specifically alleges that the State did not establish that he "intentionally" or "knowingly" touched M.T. in a rude, insolent, or angry manner. "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b).

[7] We conclude that the State produced ample evidence to sustain Thomas's conviction. There is no dispute that Thomas was alone with M.T. when she was injured and that she arrived at the hospital with two, possibly three, broken bones. Dr. Demetris testified that M.T.'s femur fracture was the result of twisting force; her tibia fracture was of the sort typically caused by yanking or pulling; she had a bone bruise or hairline fracture on her left forearm; her

injuries occurred at around the same time; and that, in Dr. Demetris's opinion, M.T.'s injuries were the result of non-accidental trauma or child abuse. Despite some evidence presented by Thomas that M.T. suffered from some bone abnormalities that might have accounted for her injuries, Dr. Linda Dimelgo, who has run a metabolic bone clinic at Riley Children's Hospital since 1999, testified that M.T.'s bones were normal. In any event, the trial court was entitled to credit the State's evidence and reject Thomas's as it saw fit. Thomas's argument is nothing more than an invitation to reweigh the evidence, which we will not do. *See Jordan*, 656 N.E.2d at 817.

[8] The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.