## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 17 2018, 9:12 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Houdek
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Melissa Anderson,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff*

April 17, 2018

Court of Appeals Case No.
49A04-1710-CR-2222

Appeal from the Marion Superior Court

The Honorable James Osborn, Judge

Trial Court Cause No.
49G09-1604-F6-12926

**Bradford, Judge.**

# Case Summary

In April of 2016, Appellant-Defendant Melissa Anderson was stopped leaving a Wal-Mart after having scanned only forty-eight of the fifty-three items in her shopping cart. Surveillance video revealed that Anderson had handled two of the items before placing them in her cart un-scanned and that the other three items were in the same location as another item that had removed, scanned, and returned to the cart. The State charged Anderson with Level 6 felony theft with a prior conviction, she was found guilty as charged, and the trial court sentenced her to 545 days of incarceration with all but eight suspended. Anderson contends that the State produced insufficient evidence to sustain a finding that she had the intent to commit theft. Because we disagree, we affirm.

# Facts and Procedural History

On April 5, 2016, Anderson went to an Indianapolis Wal-Mart with her two young children. Anderson drew the attention of Sarah Hill, the store's asset protection manager, because of the large number of items that she had with her in the self-checkout line. As she watched surveillance video, Hill noticed a confrontation between Anderson and the attendant, seemingly because the attendant had asked Anderson to move to an attended checkout lane according to store policy. Because Anderson was argumentative and had so many items, Hill continued to watch her.

[3] Anderson scanned a box of French toast sticks and put that box as well as a box of toaster strudels on the scale; the box of toaster strudels ended up in Anderson's cart un-scanned. Anderson lifted a bag of dog food from the ground and placed it into her cart without scanning it. Anderson scanned a case of Dr. Pepper that was taken from beneath the basket of her cart and returned it to that location after scanning, but did not scan the other cases of soda or a bag of potatoes that were in the same location. Anderson passed all points of sale without paying for the bag of dog food, bag of potatoes, case of Mountain Dew, case of Pepsi, and box of toaster strudels that were in her cart. The total value of those items was $30.41. It was determined that Anderson had paid for only forty-eight of the fifty-three items that were in her cart.

[4] On April 6, 2016, the State charged Anderson with Level 6 felony theft. On July 19, 2017, a jury found Anderson guilty of Class A misdemeanor theft. The court found that Anderson had a prior conviction for theft and so entered judgment of conviction as Level 6 felony. On August 31, 2017, the trial court sentenced Anderson to 545 days of incarceration and suspended all but eight days, which Anderson had already served.

# Discussion and Decision

[5] Anderson contends that the State failed to produce sufficient evidence to sustain her theft conviction. When reviewing the sufficiency of the evidence, we neither weigh the evidence nor resolve questions of credibility. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). We look only to the evidence of probative

value and the reasonable inferences to be drawn therefrom which support the verdict. *Id.* If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993).

[6] To sustain Anderson's theft conviction, the State was required to establish that she "knowingly or intentionally exert[ed] unauthorized control over the property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code § 35-43-4-2. Anderson does not dispute that she left the checkout without paying for five items in her cart but argues that the State failed to present sufficient evidence to permit the inference that she knowingly or intentionally committed theft. Intent may be proven by circumstantial evidence. *McCaskill v. State*, 3 N.E.3d 1047, 1050 (Ind. Ct. App. 2016). A defendant's intent can be inferred from his or her conduct and the natural and usual sequence to which such conduct logically and reasonably points. *Id.* With respect to a conviction that rests at least partially on circumstantial evidence, this Court will only reverse when it can be said that as a matter of law that reasonable persons could not form inferences with regard to each material element of the offense. *Id.*

[7] The State produced sufficient evidence to sustain a finding that Anderson intended to commit theft. Anderson resisted to point of confrontation when she was asked to go to an attended register pursuant to a store policy specifically designed to prevent theft, giving rise to an inference that that is precisely why

she resisted. At least two of the items at issue, the bag of dog food and the box of toaster strudels, were handled by Anderson and placed in her cart without being scanned. Moreover, Anderson removed a case of Dr. Pepper from the basket of her shopping cart, scanned it, and returned it to the same location without scanning the three other items that were also under the basket. Under the circumstances, the jury was entitled to conclude that Anderson did not accidentally fail to scan the two items that she handled at the register and that she did not actually fail to notice the three items underneath the basket of her cart. It is worth noting that most of the items Anderson brought to the register were, in fact, scanned, indicating a familiarity with the self-checkout process. Moreover, a case of Dr. Pepper from the same location as three of the unscanned items was removed, scanned, and returned, undercutting any suggestion that the three items were simply overlooked. Anderson's argument is nothing more than an invitation to reweigh the evidence, which we will not do. We conclude that the State produced sufficient evidence to sustain Anderson's conviction for Level 6 felony theft.

[8] The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.