## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 16 2018, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Demond R. Moore, *Appellant-Defendant,* | November 16, 2018 |
| *v.* | Court of Appeals Case No. 18A-CR-1326 |
| | Appeal from the St. Joseph Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Hon. Jane Woodward Miller, Judge |
| | Trial Court Cause No. 71D01-1707-F3-49 |

**Bradford, Judge.**

# Case Summary

Demond Moore was housed with Larry Boggs in the St. Joseph County Jail when Moore became upset about Boggs's Aryan Brotherhood tattoo. Moore punched Boggs and stomped him in the face, causing life-threatening injuries. Moore was convicted of Level 3 felony aggravated battery and received a sentence of fifteen years of incarceration. Moore contends that the State produced insufficient evidence to sustain his conviction. Because we disagree, we affirm.

# Facts and Procedural History

On July 28, 2017, Moore was housed in the St. Joseph County Jail and became upset about an Aryan Brotherhood tattoo that fellow inmate Boggs had on his chest. Moore told another fellow inmate that he was going to show him "how things get done" and went upstairs to confront Boggs in his cell. Tr. Vol. II p. 177. When Boggs refused Moore's request to leave their housing unit within the jail, Moore punched and stomped on Boggs's face. Moore fractured Boggs's cheekbone and eye socket and caused significant brain hemorrhaging, injuries that created a substantial risk of death. Christopher Rucker and Derek Bell witnessed Moore's beating of Boggs. On July 28, 2017, the State charged Moore with Level 3 felony aggravated battery. Following a trial at which Rucker and Bell testified for the State, a jury convicted Moore as charged, and the trial court sentenced him to fifteen years of incarceration.

# Discussion and Decision

[3] To convict Moore of aggravated battery, the State was required to establish that he knowingly or intentionally inflicted injury on Boggs, creating a substantial risk of death, Ind. Code § 35-42-2-1.5, and Moore contends that the State produced insufficient evidence to do so. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor resolve questions of credibility. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Id*. If there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993).

[4] Moore contends only that his conviction must be reversed by operation of the incredible dubiosity rule, *i.e.*, that the State's evidence that he was the person who inflicted injury on Boggs simply cannot be believed by a reasonable person.

> Within the narrow limits of the "incredible dubiosity" rule, a court may impinge upon a jury's function to judge the credibility of a witness. If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002) (citations omitted).

[5]     The incredible dubiosity rule does not apply in this case. First, two witnesses—not one—testified that they saw Moore beat Boggs, a circumstance which is sufficient by itself to render the rule inapplicable in this case. *See id*. Second, there is evidence to corroborate the testimony, namely, (1) evidence Moore told another inmate that he was going to show him "how things get done[;]" (2) surveillance video showing Moore entering Boggs cell shortly before he was injured; and (3) Moore's admission that he was present when Boggs was injured. Finally, neither Rucker's nor Bell's testimony is inherently improbable, equivocal, or contradictory. Rucker testified that he saw Moore enter Boggs's cell, punch him once, and stomp him in the face. Bell testified that he saw Moore throwing punches at Boggs and then heard stomping. Although Moore testified that Boggs was injured when he fell from his bunk, such things are for the jury to evaluate as it sees fit. The evidence used to support Moore's conviction falls far short of being so inherently improbable that no reasonable person could credit it.

[6]     We affirm the judgment of the trial court.


Bailey, J., and Brown, J., concur.